Good morning, Your Honors. This is Tracy Collins representing an appellant in this case, Mr. Aguilar-Lopez. May I proceed with argument, Your Honor? Yes, certainly, whenever you're ready. Your Honor, in Mr. Aguilar-Lopez's case, we raised four different issues. There's actually consolidated cases. It's 12,390 and 12,391. The question that was raised under 12,390 was a Padilla question, and that was whether or not a motion should have been granted prior to trial to dismiss the alien in the United States charge that was under the original cause number because the Padilla court had come out with a decision and decided that an attorney not advising his client of the repercussions of a deportation during a plea or during an immigration hearing was considered to be ineffective assistance of counsel under the Sixth Amendment and ended up resulting in Mr. Padilla's case being dismissed and remanded or sent back in for a decision of whether or not the predicate offense could be attacked. Are you saying that Padilla should be retroactive? Your Honor, that was really the question that came up, because my question is then how do you deal with the Chaydez case? Right. And I thought after the Chaydez came out after I actually submitted my brief, Your Honor, and I actually had considered that extensively. In the Chaydez case, what Ms. Chaydez did was she went back. She tried to take back, or I don't want to say take back, but set aside a guilty plea that she had from 2004, which was a mail fraud case that was apparently in federal court. It was her original convictions. Under Chaydez, which clearly dealt with the circumstances that Padilla brought up with respect to whether or not it's applicable to all cases, but Chaydez, it seemed to address the cases that were in federal court where the challenge occurred after that conviction was final. It did not address convictions that were on direct appeal at that time. Counsel, there's another issue with respect to this argument that I'd like you to address. Our court has held that generally a defendant has no right to attack collaterally a state court conviction that was the predicate for a removal order when it might come later into a 1326 prosecution. Why doesn't that bar us from considering this claim at all? Your Honor, because I think that that decision by this court had been made prior to the Padilla case. But it doesn't have anything specifically to do with Padilla. It's a much broader rule that says if you were deported because of a state court conviction and now you have an illegal reentry, you can't go all the way back to the state court conviction and say, oh, I should never have had that and therefore never been deported. You just can't do it regardless of the reason. So why wouldn't this whole issue be precluded from our consideration? Your Honor, the only response I have to that is that a Sixth Amendment right to counsel issue was raised in Padilla, and ultimately it was an issue that made Padilla that was unique in the circumstances that the court is addressing specifically. And it would call, obviously, for a change of the law in this circuit because I am aware that that was the prior standing of the court on that issue. But Padilla seemed to say that because it's a Sixth Amendment right to counsel and a defendant has a right to go back and challenge an offense, which essentially is what happened in Padilla. They indicated, in fact, they were able to go back and challenge the offense. It would put it in a different light with respect to what this court would consider as far as that ruling goes. I do understand where the court is coming from with respect to that prior ruling in this circuit. I think it's a difficult issue that certainly needs to be addressed because essentially what they've decided or what the courts have decided at this point has drawn sort of a line in the sand that says that it's the duty of a defense attorney and it falls below the objective standard, reasonable standard for a defense attorney not to advise a person on the immigration issues. Now, in this case, specifically, there was no indication that Mr. Padilla was advised of the immigration of the issues with respect to the prior offenses or necessary. Well, he was advised, obviously, by the court of the immigration consequences of the current offense, but it's something that needs to go back, something that's going to have to come before the court eventually, I believe, because of the circumstances of Padilla and the circumstances of Chavez because the issue is something that will affect many cases, obviously. And Chavez did say it didn't apply retroactively, but as I indicated, my take on Chavez was that as long as the case is still on direct review in the appellate court, then it can fall under Padilla. They didn't really clear that up, but that is in United States v. Chavez, and exact words were whether or not it was, they said it wasn't, the retroactive effect to cases already final on direct review. So under the circumstances of this case, there is no indication in the record that he was advised of any consequences of his, any immigration consequences of his prior offenses. Mr. Collins, I'd like to move to another subject if possible. Sure. I really would like to ask you about the sentencing hearing. Sure. And the issue you raise regarding the court's duty to inform the defendant under Section 851B, but we have no transcript from the sentencing hearing. Is that correct? I just want to make sure. Why is there no transcript from the sentencing hearing? Your Honor, that is correct, and I'm not sure how that omission occurred because I asked for the transcripts for both, for the entire trial, except for the opening statement and closing statement. It's a situation where I'm privately retained, so I had to limit the amount that I could order. So it exists. It just wasn't submitted as part of the record? Right. Well, I believe it exists, but I do believe that there was a consensus between the parties that there was a discussion of Section 851, particularly Subsection B during the course of that sentencing. Well, I guess assuming the court didn't comply with its duty, how is this different from the Severino case? I think in that case, defendant's substantial rights were not affected by the court's error. Can you tell me how your client's substantial rights were affected if the judge indeed didn't fulfill its responsibility under 851B? Your Honor, under 851B, I believe that, well, it says specifically what the obligation of the court is. If the United States attorney files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of a person with respect to whom the information was filed, whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed and may not thereafter be raised to attack the sentence. Counsel, I may be having the same difficulty with your argument that Judge Murguia is having because in your sentencing memorandum, you conceded that the predicate offense was a controlled substance possession offense, and there was notice given at the beginning of the case. So it seems clear that your client knew of it and conceded the nature of the previous offense. Your Honor, he did, I mean, he knew of it by virtue of the fact that he had been told, I mean, I can't contend with that. And he had an opportunity to respond and did respond on the merits of what the sentence should be and why there should be a lesser sentence. So I'm also struggling with where is the prejudice, if you will. Your Honor, I'm not necessarily contending at this point that what we're talking about is a, well, there is prejudice to a certain extent because during the course of this case, Your Honor, there were five different attorneys, and that sort of has made it a little bit difficult to pursue the appeal. But I'm not willing to say that those attorneys did not advise him of the circumstance with respect to the prior conviction and being used as a predicate offense. The problem I have is that the Section 851 places a responsibility for informing, if an enhancement is filed, for informing the defendant specifically on the record. And I believe there's a purpose for that, and that's to make sure that the defendant is advised, you know, properly. Right. There's a reason for it, and it should be done. The question is whether there's sort of a per se reversal when it's not done or whether there has to be some showing of an effect that is harmful. Right. And I can't find anything to show that there has to be a showing of a prejudicial effect. But obviously I believe that the prejudice in the context would be whether or not he wanted at that point, it sort of goes back and segues with the Padilla thing, whether or not at that point when the court informed him of that, if he was willing to affirm or deny that, it puts a burden. And what it is is it puts a burden on the government to provide some sort of written confirmation that's admissible in the sentencing of the conviction. So if the judge advises him, you know, you have a right to contest this prior conviction,  and if we look at it as an either or, you know, if it probably happened during the course of the case, then we're kind of getting into a situation where it would be the same circumstances as Padilla, for example. You know, where you've got a situation where lawyers are out there supposedly telling their clients what the consequences are, and we're counting on that rather than having the court assure that that has happened. Counsel, did you want to save any rebuttal time? You're down to a minute and 20. Your Honor, I will reserve the minute 20, thank you. Thank you. We'll hear from the government. Your Honor, may it please the court and counsel, I'd like to address that 851 issue right off the bat. Your Honor, I think this case is exactly Severino. This defendant cannot show that he was prejudiced on the 851B issue, and he certainly cannot show that he didn't get notice of the prior conviction under 851A. You concede, then, that the judge did not comply with 851B? Your Honor, I will concede it's not before the record that the court did. So for the purposes of this argument, I will concede that, simply because Severino controls here. And could you have put the sentencing transcript in? I could have, yes. And looking back at the government's brief. You chose not to? I chose not to. Looking back at the government's brief, that's the one area in the brief where I don't think the government did a very good job of addressing the 851B issue. But nonetheless, I think that it's settled by Severino. The defendant has to show harmless error, that he would have done something different or could have challenged the I still just find it remarkable that the sentencing transcript was not submitted. Frankly, Your Honor, my recollection, I don't think we need the sentencing transcript, because I don't think the court did advise him of the 851B issue. But I can tell the court, and it is before the court, that the 851 issue came up in the proceeding below repeatedly. And that's replete in the record. It came up when the defendant was in the proceeding below. When the defendant attempted to withdraw his plea, and the government did not oppose that withdrawal, that was the centerpiece of that hearing. And that is before the court. The court advised the defendant, specifically, that you are aware, Mr. Aguilar-Lopez, that you face enhanced sentencing under 851. The government has filed notice of that and asked the defendant if he wished to proceed at the change of plea hearing. So the government's position, effectively, the 851B notice was made at the change of plea hearing and repeatedly throughout the proceeding below. So the defendant had ample opportunity to challenge that conviction. He didn't do it in the sentencing phase of the PSR either. I asked previously if this case was different from Severino. You say this is exactly like Severino, but it's not exactly like Severino, because I think in Severino there was a colloquy or a conversation between the defendant and the court. And we don't have that here, do we? Well, we do. At the change of plea, we do. We don't have a colloquy at the sentencing. I will concede that, Your Honor. But we do have a – What's the – remind me, what's the colloquy at the change of plea? At the change of plea, the defendant was advised the consequences – the court specifically had a conversation with the defendant, and he says on the record he understands. The court inquired of the defendant, do you understand that – and I'm paraphrasing – but do you understand that if you are successful with drawing your plea, the prior plea to the lesser charge absent the 851, essentially, that you face an enhanced sentencing under the 851 provision that will carry a 20-year mandatory minimum? And the defendant acknowledged that, yes. He said yes. What's the excerpt of record cite to that? I can direct the court to that. It's in the appellant's excerpt of record, Your Honor. And it appears at the change of plea hearing. It's in excerpt B, I believe. B as in boy? B as in boy, Your Honor. And I think I've got it in my – I think I referenced it in my brief, Your Honor. That's the entire change of plea, the excerpt of B? Is that what you're saying? Yes, and it is definitely in the record before the court. But you can't give me a page number? I can't give you a page number. I can certainly – I reviewed it in the excerpt of record just last night. I can supplement the record with that. It is absolutely in there. We'll find it. Thank you. And, of course, the 851 notice itself provides the exact copy of the certified judgment below in the state court. So the defendant certainly had plenty of notice of what the exact contours of the prior and the line conviction were. And going back to the Padilla issue, I agree with Your Honor's question. Chide has controls, but also under the court's prior case law, under United States v. Garza, Sanchez, 217, F3, 806, as cited in the district court's underlying order, which is part of the excerpt of record, the defendant cannot collaterally attack his state court conviction unless he's exhausted those remedies below. And he didn't do either of these things. The Padilla issue is foreclosed by Chide's and he also – Well, there's another exception to that rule, too, isn't there? If there was ineffective assistance of counsel, isn't there another exception to be able to look at it on the merits? I think that's what he's claiming. I think Chide's forecloses that, Your Honor. No, no, no. I know Chide's forecloses it on the merits. You were saying that we can't even look at the merits because it's a collateral attack. And I think his argument is that one of the exceptions to the no collateral attack rule is if there was ineffective assistance of counsel that resulted in the state conviction, that we could look at that on the merits. That may be, Your Honor, but the defendant has failed to show that, has made no effort to show ineffective assistance. Well, it's his Padilla argument. I mean, I think that's where that comes in. When you said a moment ago Chide's forecloses that, your opponent argued that Chide's doesn't apply in our case, right? Effectively. Because of what was the difference? Oh, because of direct review. But I think – What's your response to that? The issue of what was on direct review is the underlying – what's on direct review is the 1326 conviction. The ability to challenge – the defendant is essentially asserting the 1326 conviction cannot stand because he wants to attack the underlying state court conviction led to his removal. That's what Chide's forecloses. Chide's forecloses the attack on the underlying. On the underlying. Because the underlying one was completed before Padilla was. Correct. Correct, Your Honor. I would like to address the Fifth Amendment issue as well. I think that is not an issue at all under either case cited by the defendant. This is not a case where the government made any mention or reference to the defendant's silence. There were two passing references on direct testimony, once on direct and once on cross, from one witness, who is the fifth witness called out of eight, who merely in a factual recitation stated that his purpose at the arrest site was to translate for the defendant, and on cross-examination mentioned the defendant refused to answer any questions in a line of questions presented by defense counsel about whether the defendant's family had been contacted. The government never mentioned that issue on – in closing. It didn't ask any questions of that of the witness, once the witness had made a brief reference to Miranda. It is completely different than Whitehead and the other case cited by the defendant. And in this case, that's a harmless error analysis because – harmful error analysis because the defendant's counsel, trial counsel, did object. It was addressed by the district court, and the party stayed clear away from that issue. I don't think there's any Fifth Amendment – I don't think we even get into Whitehead and the facts of this case. And on the harmful error issue, the weight of the evidence in this case is overwhelming. There was – the context of this case, there were eight trial witnesses, there were 28 exhibits introduced, there was testimony from a law enforcement officer who observed the defendant in the marijuana grow for a period of 20 minutes or so, who identified him in open court, and the defendant was apprehended some distance away from the marijuana grow, wearing one shoe, the identical of which was found in the middle of the marijuana grow, by law enforcement that same day. And as to the ineffective assistance argument, that there was ineffective assistance by trial counsel, I believe the court's case is controlling that aspect, that that is not an issue generally reviewed on direct appeal. That's an issue reserved for 2255 issues. And I don't think we have anything close to the kind of ineffective assistance or even a suggestion of ineffective assistance that would allow that issue to be reviewed on direct appeal in this case. The instances the defendant identifies in his briefing that he claims to be ineffective, I think the government has refuted. Those were not – they were not ineffective issues. Principally with witness Deputy Smith, that witness testified about things that were within his personal knowledge. He testified about things he observed and testified in a background capacity. And the particular aspects of his testimony at the defendant's objectivity, such as what happened at the arrest, were things that that witness observed from a distance and were also cumulative of multiple other witnesses that testified exactly what occurred at the arrest. As to Deputy Raining and her use of the canine, Deputy Raining, an expert report was provided. She was available for cross-examination. The issue of the dog was simply a tracking mechanism. And we have the issue of the shoe. Regardless of what the dog did, when the defendant was found, he was missing a shoe that was found back in the marijuana grill. So the issue of the dog is a collateral issue at best on the proof – the tracking of the dog on the collateral issue of proof in this case. And I would, if the court wishes, I am prepared to address the issue of whether this defendant should have any relief. While it's not a right of the defendant, I'm sure the court is aware if there is any guidance from the Department of Justice about the application of mandatory minimums and also 851s. I addressed this issue with my management and reached a determination  I would not be able to provide any relief. If the 851s in this case were not final on appeal, that this defendant cannot avail himself of that memo. Now, much of that analysis is outside of the record, so I don't wish to go into that unless the court has any questions. No, but you raised that 851, and I do have some concern on how that was presented or addressed by both sides. But with respect to the government, your brief says that there is no requirement that there be an advisement from the court that if the defendant did not contest the validity of the prior Idaho conviction prior to sentencing, he would be barred from doing it later. And that's the red brief at 28. I have to withdraw that, Your Honor. That's incorrect. That is simply incorrect. I think that 851B is clear. The court did have an obligation to advise the defendant that he had a right to challenge that. This is not an issue where the court advised incorrectly. It's an issue where the court simply did not make that advisement. Therefore, it falls directly into Severino. This is a case where the issue of the issue, it's not like Severino in the sense that Severino, the 851 issue, came up basically at sentencing on the fly almost. The notice was filed that day or a day before the sentencing. This is a case where the 851 notice was filed months and months prior to trial. It was filed prior to the defendant's entry of a guilty plea in the case. It was discussed ad nauseum during the defendant's motion to withdraw plea hearing. The court directly advised the defendant in that hearing that there were severe consequences to his withdrawal plea, in particular the 851 notice and its impact on his future sentencing if he were to be convicted. So I think that the harmful error analysis in Severino is directly on point as to the 851B issue. As to the 851A issue, there can be no dispute that this notice was sufficient. This notice includes a copy as an attachment of the underlying state conviction. And that differs from Severino. That was the source of the dissent, and the Severino and Bank was the 851A violation in that case. It was, Your Honor. And in this case, there can be no suggestion there's an 851A violation here. The notice had been filed months and months and months and months before trial. The defendant certainly is aware of his prior convictions. There was no confusion as to the state of conviction. There was no confusion as to the nature of the conviction. It was used in his 1326 proceeding, the parallel case. It was not challenged in the PSR in either one of these cases for sentencing in this matter. If this were to go back to the district court for the limited purposes of addressing the 851B issue, there would be nothing for the court to address because the defendant would be advised basically the same colloquy he had during his change of plea hearing. And how could he challenge the underlying conviction? It's final in the state court. He knew of it long before the sentencing in this matter. He cannot show any prejudice, much less substantial prejudice in this case. Thank you, counsel. Thank you, Your Honor. Mr. Collins, you have a brief rebuttal time remaining. Your Honor, just in a moment I would like to address the violation of his right to remain silent. This was not a situation that was overt in any way, Your Honor. What happened was Detective Cantu, who in the record it indicates his experience. He was a very experienced law officer. What happened was they found Mr. Aguilar-Lopez in a field, and mixed amongst the field were bramble bushes, all sorts of nasty plants. Also there was marijuana patches that were spread out over a large area, but they were not congruous. They were all spread out all over. Detective Cantu, when he first contacted Mr. Aguilar-Lopez, read him his constitutional rights. He said, why did you do that? He said, because I speak Spanish, and I wanted to let him advise him. Then the next day, in a response to a question by the defense lawyer about whether or not Mr. Cantu spoke to Mr. Aguilar-Lopez's family, he said, no, basically because he had exercised his right to remain silent. The defense counsel said, what was that? He said, do I need to repeat myself? I didn't talk to his family. So it was a situation that wasn't just a passing reference to his right to remain silent. It was a flat-out, he's standing in this area where these marijuana plants are, and he says, I don't wish to answer any questions. Counsel, I think we understand your position, and you have exceeded your time. Thank you, Your Honor. Thank you. Your Honor, is this before I can advise the court for that? You have a page reference? 134. Thank you. We appreciate very much the efforts and arguments of both counsel. The case is submitted.
judges: Tashima, Graber, Murguia